NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tesoro Refining & Marketing Company LLC<br><br>Plaintiff,<br>v.<br>National Union Fire Insurance Company of Pittsburg, PA,<br><br>Defendant. | No. CV13-3238 ABC (SSx)<br>Hon. Audrey B. Collins<br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

309940230.1

Pursuant to the Stipulation for Joint Submission for Entry of Protective Order by the parties, Plaintiff Tesoro Refining & Marketing Company LLC and Defendant National Union Fire Insurance Company of Pittsburg, PA, and finding good cause for the entry therefore, IT IS HEREBY ORDERED that all discovery in this action shall be governed by the following terms and conditions:

1. Any information produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party (ies) as "Confidential." A document should be designated "Confidential" when it contains: (a) sensitive personally identifiable information reflecting an individual's Social Security Number (SSN) alone or an individual's name or address or phone number in combination with one or more of the following: date of birth, driver's license number, or other state identification number, passport number, financial account number, or credit or debit card number; or (b) confidential commercial information such as marketing plans or strategies, business plans, strategic plans or trade secrets or other confidential research or development, or other information or documents that would put the producing party at a competitive disadvantage if the information became known to the receiving party or a third party.

2. Information designated as "Confidential" may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Stipulated Protective Order.

3. Any party or non-party wishing to come within the provisions of this Stipulated Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof which it considers "Confidential" at the time the documents are produced. Each page of the document must be marked "Confidential" by the producing party, and any documents marked "Confidential" that were exchanged prior to this Stipulated Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each

such page, if such markings do not include every such page. It is the intent of the parties that each document previously designated as "Confidential" and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Stipulated Protective Order. Documents or things that cannot be reasonably labeled as "Confidential" pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

4. Any documents or discovery responses stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

(a) The Court and necessary Court personnel, including law clerks and stenographic reporters;

(b) Attorneys of record for the receiving party and employees of such attorneys;

(c) Any party and officer or director of a party;

(d) Non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in prosecution, defense, settlement or other disposition of the action;

(e) Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

(f) Any person whom a party intends, in good faith, to call as a witness in any deposition, hearing or trial in the action, and that person's attorneys to the extent reasonably necessary to give his or her testimony; and

(g) Court reporters and their staff who are required to transcribe testimony.

5. Material designated as "Confidential" shall only be used for purposes of this action. The persons or entities identified in Paragraph 4 to whom Confidential information is disclosed pursuant to this Stipulated Protective Order shall not make any copies of or use such Confidential information for any purpose, whatsoever, except those related to this action.

6. Potential witnesses or consultants who are, or may become, actively involved in this litigation, and their attorneys and staff personnel, shall, prior to being given access to information designated as "Confidential," be provided with a copy of this Stipulated Protective Order for review. Upon receiving this Stipulated Protective Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he/she has read the Stipulated Protective Order and agrees to comply with its terms.

7. The restrictions set forth in this Stipulated Protective Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents which would be in violation of this Stipulated Protective Order.

8. Any document or evidence that is designated as containing "Confidential" information and that a party wishes to file with the Court will be presented to the Court along with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5.

9. If any party uses any material designated as "Confidential" during a deposition, the party shall request the stenographer or court reporter to separately bind and mark as "Confidential – Subject to Protective Order" the portion of the

1  deposition transcript during which the confidential material was disclosed or
2  discussed. Any such confidential portion of a deposition transcript shall be deemed
3  "Confidential," and subject to the terms of this Stipulated Protective Order. The
4  witness under deposition or his or her counsel shall have the right, within twenty
5  days of receiving a transcript of the deposition, to designate, or change, the
6  confidentiality designation of the transcript or portions thereof. For depositions
7  with some confidential and some non-confidential documents or testimony, a
8  separate confidential transcript, apart from the usual transcript, shall be prepared by
9  the court reporter and counsel for the party asserting that certain documents or
10 testimony is confidential.

11      10.  If, at any time during the preparation for trial, any party believes that
12 any other party or non-party has improperly designated certain information as
13 "Confidential" or believes that it is necessary to disclose designated "Confidential"
14 information to persons other than those permitted by this Stipulated Protective
15 Order, and the producing party does not agree to change the designation or to the
16 further disclosure, the objecting party may make an appropriate motion [following Local Rule 37 procedures] to the Court (SHS)
17 requesting that the specifically identified documents, information and/or deposition
18 testimony be excluded from the provisions of this Stipulated Protective Order or be
19 available to specified other persons. It shall be the burden of the party who makes
20 the designation to demonstrate that the material or information at issue was
21 properly designated. It shall be the burden of the party seeking the disclosure to
22 persons other than those designated in this Stipulated Protective Order to show that
23 such disclosure is necessary.

24      11.  In the event that a party is served with a subpoena by any person, firm,
25 corporation, or other entity who is not a party to this action, is not a signatory to
26 this Stipulated Protective Order, or otherwise is not bound by this Stipulated
27 Protective Order, that seeks to compel production of "Confidential" information or
28 documents, the party upon whom the subpoena is served shall give written notice of

1  the subpoena to the party who has asserted that the information or documents
2  subject to the subpoena are "Confidential." The written notice required by this
3  paragraph shall be given no later than seven (7) days after receipt of the subpoena,
4  or before the production date set forth in the subpoena, whichever is earlier. The
5  party who designated the subject information or documents as "Confidential" shall
6  have the responsibility to obtain an order from the Court [*after following Local Rule 45 and 37 procedures*] quashing the subpoena, a [*SS*]
7  protective order, and/or such other relief as will protect the confidential nature of
8  the subject information or documents. If such a motion is filed before the requested
9  production date, the party upon whom the subpoena, discovery request, or order is
10 served shall not produce the subject information or documents requested in the
11 subpoena, discovery request, or order until after such time as the Court rules on the
12 motion to quash the subpoena or motion for protective order. If an order quashing
13 the subpoena or motion for protective order is obtained, the party upon whom the
14 subpoena, discovery request, or order is served shall comply with the order. If no
15 motion to quash or motion for protective order is filed before the scheduled
16 production date set forth in the subpoena, discovery request, or order, or if the
17 motion to quash the subpoena or motion for protective order is denied, the party
18 upon whom the subpoena, discovery request, or order is served may comply with
19 the same without being deemed to have violated this Stipulated Protective Order.

20    12.   This Stipulated Protective Order may be modified only in writing by
21 the parties and approved by an order of the Court.

22    13.   This Stipulated Protective Order shall continue to be binding
23 throughout and after the conclusion of this action, including any appeal thereof.
24 Upon termination of this proceeding, unless the attorneys of record otherwise agree
25 in writing, each party shall (a) assemble and return all designated materials,
26 including copies, to the person(s) and entity (ies) from whom the material was
27 obtained, or (b) destroy all designated materials and provide the other party with
28 written certification that such destruction was made. The attorney of record may

1  retain one copy of any designated materials, to be kept confidentially, and retain all
2  copies of designated materials containing attorney work product information.
3      14.   This Stipulated Protective Order will not prejudice the right of any
4  party or non-party to oppose production of any information on the ground of
5  attorney-client privilege, work product immunity, or any other protection provided
6  under the law.

*For good cause shown, (SHS)*

IT IS SO ORDERED.

Dated: 9/23/13          *Suzanne H. Segal*
                        ~~Hon. Audrey B. Collins~~

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" within the terms of the Stipulated Protective Order entered in the U.S. District Court, Central District of California, case entitled <u>Tesoro Refining & Marketing Company LLC v. National Union Fire Insurance Company of Pittsburg, PA</u>, Case No. CV13-3238 ABC (SSx).

2. I have read the aforementioned Stipulated Protective Order, and I agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the State of California and the United States of America.

Dated:_____

Name:_____

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

309940230.1